# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV850 CEJ |
| | ) | |
| KIMBERLY HASKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action asserting claims of fraud, conversion and breach of fiduciary duty. In the complaint, plaintiff asserts that jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a)(1).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Plaintiff is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. Prior to his incarceration, plaintiff was a resident of Missouri. See Complaint, p. 3; United States v. Howard, 4:04CR113 JCH (E.D. Mo.). Plaintiff, therefore, is a resident of Missouri. See White v. Fawcett Publications, 324 F. Supp. 403, 404 (W.D. Mo. 1971) ("Ordinarily, the citizenship of a prisoner remains in the State of which he was a citizen before his imprisonment."). The majority of the defendants in this action reside in Missouri. Therefore, diversity jurisdiction does not

exist. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) (28 U.S.C. § 1332 requires "complete diversity"). The Court must dismiss the action for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **dismissed** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **denied** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 13th day of November, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE